Estate of Lillian F. Woodward, Thomas A. Woodward, Jr., Executor v. Commissioner.
Estate of Lillian F. Woodward v. Commissioner
Docket No. 8882.
United States Tax Court
1947 Tax Ct. Memo LEXIS 307; 6 T.C.M. (CCH) 137; T.C.M. (RIA) 47033; February 17, 1947
*307 Hale McCown, Esq., for the petitioner. George E. Gibson, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: The Commissioner determined a deficiency in estate tax of $2,292.85. The deficiency resulted in part from the inclusion in the gross estate of the value of two pieces of real estate described as the west one-half of lot 4, block 63, and part of lot 7, block 49, situated in Beatrice, Nebraska. The decedent executed a quitclaim deed on May 21, 1938, purporting to convey that real estate to her son subject to a life estate in herself. The Commissioner held that such transfer was within the provisions of section 811(o). The petitioner claims that the transfer was invalid for want of a valid title in the decedent. The issue turns upon a single question of fact - Was a warranty deed, executed on December 24, 1917, by Thomas A. Woodward, Sr., which purported to convey the described real estate to the decedent in fee simple, actually delivered to her during his lifetime? Both parties agree that delivery was essential to the validity of decedent's title. The decedent died on February 7, 1943, having been a resident of Gage County, Nebraska. The petitioner *308 is her son. He is the sole beneficiary under and the executor of her will. He resides in Beatrice, Nebraska. The real estate in question was originally owned by the decedent's husband, Thomas A. Woodward, Sr., who was engaged in the real estate and loan business in Beatrice. He executed a will on June 26, 1911, in which he devised the real estate to the decedent for her life and upon her death to his son in fee simple upon condition, however, that the title to the real estate could not be "sold, conveyed or incumbered in any way" by either beneficiary until after the death of the decedent herein. This will was ultimately admitted to probate. Woodward, Sr., also executed a warranty deed on December 24, 1917, which purported to convey the real estate in question to the decedent in fee simple. It was not recorded until more than ten years after his death. The evidence is that Woodward, Sr., signed and acknowledged the deed in the presence of his son in his office at Beatrice. He then put the deed in his pocket. It was found in his safe deposit box after his death. There is no evidence that any other person ever had access to this box during his lifetime. We must turn to other evidence *309 to determine whether the deed was in fact delivered prior to his death. Woodward, Sr., died on February 23, 1919, in Monrovia, California. He had made a codicil to his will on September 15, 1918, while in California, in which he described the real estate in question and undertook to remove the restrictions which had been provided in the will. The codicil was not admitted to probate because it had not been attested by witnesses. The codicil is evidence, however, that Woodward, Sr., considered himself to be the owner of the real estate. It shows his belief that title would pass by his will and not by the deed in question. It is reasonable to infer from the evidence of the codicil that the deed had never been delivered. Moreover, Woodward, Sr., paid taxes on and managed the real estate until his death. The decedent, who was appointed the executrix of his will, also considered that he was the owner at the time of his death. She included the real estate in the inventory of his estate. She also reported the real estate as part of his gross estate for tax purposes and paid federal and state taxes thereon. The deed from Woodward, Sr., to the decedent was recorded on August 2, 1929. It *310 was filed for record by counsel who represented the decedent as executrix during the latter part of the probate proceedings. He did so with the knowledge and consent of the decedent and her son in an effort to show that she had a title which could be conveyed in her lifetime. The decedent filed a final report as executrix on June 19, 1930, which contained her sworn statement that she had erroneously included the real estate as part of the estate of Woodward, Sr., and that said real estate had been conveyed by him to her in fee simple "more than two years before the death of the said Thomas A. Woodward". The County Court of Gage County, Nebraska, entered a decree in which it was stated in part that "said real estate was lawfully conveyed by Thomas A. Woodward during his lifetime to Lillian F. Woodward". The respondent does not contend that this decree is a binding adjudication of title but contends that the decedent's statement, which led to the decree, imports delivery of the deed from Woodward, Sr. Such inference, however, is considerably weakened by other circumstances. The decedent's statement was self-serving to the extent that it sought to enlarge her title. It was inconsistent *311 with all of her other sworn statements. It was erroneous in stating that the deed was executed by Woodward, Sr., more than two years before his death. It was made, upon suggestion of counsel, more than eleven years after the latest possible date of the delivery which it is said to import. A routine examination of the title to the real estate in question was made on or about May 5, 1938. The examiner regarded the will rather than the deed of Woodward, Sr., as valid. He recommended that the decedent execute the quitclaim deed dated May 21, 1938, for the sole purpose of confirming the title beyond all doubt in the petitioner upon her death, as provided in the will rather than the deed of Woodward, Sr. We find from the evidence as a whole that the deed, which was executed on December 24, 1917, by Thomas A. Woodward, Sr., was not delivered to the decedent during his lifetime. It follows that the real estate in question did not belong to the decedent and that the value thereof was erroneously included in the decedent's gross estate. Decision will be entered under Rule 50.